HINES, Respondent, v. REE HEIGHTS IMPLEMENT COMPANY, et al, Appellants.

(272 N. W. 681.)

(File No. 7964.   Opinion filed April 16, 1937)

*Caldwell & Burns,* of Sioux Falls, for Appellants.

*C. M. Carroll,* of Miller, for Respondent.

WARREN, J.   The plaintiff in this action suffered an injury to his left wrist and hand on the 12th day of August, 1930, while in the employ of the defendant Ree Heights Implement Company. On August 25, 1930, notice of such injury was filed with the Industrial Commissioner of the state of South Dakota.   On August 29, 1930, the plaintiff and the defendant insurer, the South Dakota Employers Protective Association, entered into a memorandum of settlement wherein the plaintiff was paid the sum of $46.20 for disability and the sum of $19 was found to be owing for medical services as the result of said injury.   Thereafter, further disability as the result of said injury was discovered in the injured hand and wrist of the plaintiff, and another memorandum of settlement was entered into on August 28, 1931, wherein the plaintiff was paid the further sum of $237.93, and at which time a "Final Receipt and Release" was signed by claimant.   The memorandum of settlement was filed with the Industrial Commissioner and approved by him on September 3, 1931.   The "Final Receipt and Release" was also filed with the Industrial Commissioner.

On February 1, 1934, the plaintiff filed a verified petition in the office of the Industrial Commissioner, alleging the employment, injury, and disability, the notice of injury, and the payments and settlements as above stated, and further alleging that as a direct result of said injury the plaintiff had suffered additional disability not considered at the time of the above mentioned settlements.   The petition prayed that the Industrial Commissioner reopen the case and grant the plaintiff further compensation.   The Industrial Commissioner granted the plaintiff's petition to reopen the case.   A hearing was held and the Industrial Commissioner granted the plaintiff further compensation in the sum of $540.87. The defendants filed a petition for review with the Industrial Commissioner, which petition was denied.   Thereafter, the defendants appealed to the circuit court of Hand county, which on the 28th day of March, 1936, entered an order affirming the award of further compensation to the plaintiff made by the Industrial Commissioner.   On the 11th day of May, 1936, the defendants perfected an appeal to the Supreme Court from the order of the circuit court of Hand county affirming the award of the Industrial Commissioner.

Appellants contend that the basic question involved upon this appeal is the authority of the Industrial Commissioner to reopen the proceedings and make further award; that the failure to proceed to reopen the case for a period of two years and five months after the final release was executed and approved barred the claimant from further proceeding for added compensation. They also challenge the sufficiency of the evidence to support the findings and the sufficiency of the findings to support the conclusions, and have argued all said assignments relating thereto together.

It will be observed that considerable time elapsed after the second settlement, but whether the respondent was guilty of laches in not petitioning for the reopening of the case until January, 1934, need not be decided at this time. The appellant has challenged the sufficiency of the evidence to support finding of Fact No. 9, which is the only basis for the additional compensation granted respondent. Finding of fact No. 9 reads as follows: "That at the time the said settlements were made the claimant entered into the same in ignorance as to extent of his injuries and the full measure of his disability, and in reliance on the belief that such settlements were partial only and not in complete satisfaction of his claim for said injury."

Appellant contends in his assignment of error No. 1, "* * * that it appears from the undisputed evidence that the claimant was fully apprised of the extent of his disability at the time he made the memorandum settlement of August 28, 1931, and because the undisputed evidence shows that he was fully apprised of and knew the nature of the final receipt and release which he executed at the time final payment of compensation was made to him."

We are inclined to agree with this argument of appellant. The evidence discloses that the respondent had been informed by Dr. Riggs, a short time prior to the execution of the second memorandum of settlement on August 28, 1931, that he had a 33⅓ per cent. disability. Respondent testified that Dr. Riggs had so informed him of the extent of his disability, and in view of the fact that the commissioner found the respondent's disability to be 33⅓ per cent., we fail to see upon what grounds the commissioner based his finding that the respondent was "in ignorance as to extent of his injuries and the full measure of his disability. * * *" In consid-

ering the second part of finding No. 9, "* * * and in reliance on the belief that such settlements were partial only and not in complete satisfaction of his claim for said injury," we must again agree with the contention of appellant, that the evidence does not support such a finding. On August 28, 1931, the respondent signed an instrument which was headed by the words "* * * Final Receipt and Release, * * *" and which contained in the body of the instrument the words, "* * * I hereby release and forever discharge the said S. D. Employers Protective Ass'n., heirs, successors and assigns, from any and all actions, causes of action, claims and demands, for, upon, or by means of any damage, loss, injury or suffering which heretofore has been or which hereafter may be sustained by me in consequence of an injury suffered by me on or about the 12th day of August, 1930, while in the employment of Ree Heights Impl. Co. * * *" There is no showing in the record that the respondent was other than an average intelligent person who could read and write, and who could understand the nature of an instrument such as the one referred to above. The only evidence offered by respondent to offset the fact that he signd this instrument, which was in the nature of a final receipt and release, is that at the time of the execution of said instrument, the respondent asked the representative of the appellant, "Is this all?" and the representative said, "Not necessarily." We are of the opinion that such evidence is not sufficient to support the commissioner's finding, "* * * and in reliance on the belief that such settlements were partial only and not in complete satisfaction of his claim for said injury."

The judgment of the circuit court affirming the Industrial Commissioner's award is reversed.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.

SMITH, J., not having been a member of this court when this case was argued and submitted, took no part in its consideration or decision.